HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TISHA E RENNER,

            Plaintiff,

v.

LAKEWOOD POLICE DEPT,

           Defendant.

CASE NO. C18-5626 RBL

ORDER DENYING IFP

THIS MATTER is before the Court on Plaintiff Renner's Motion for leave to proceed *in forma pauperis*, supported by her proposed complaint [Dkt. # 1]. This is at least the fourth case Trisha Renner has filed in the past two years. In each case, she claims officers were called after she was involved in some altercation, and in each case she was arrested and transported to a hospital. *See* Cause Nos. C17-5241RBL, C17-5928RBL, 18-5624RBL, and this case. In at least two of the cases, her vehicle was towed.

Here, Renner claims that that she was arrested and her vehicle was towed from the "Lakewood Town Center McDonalds" because "a McDonald's employee messed up on a bacon McMuffin and put ham on it." She claims she was transported to St. Claire's hospital where she had a drug put into her thighs, leading to an allergic reaction.

ORDER DENYING IFP - 1

She asserts a § 1983 claim against the Lakewood Police Department and "Officer James."

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Renner's proposed complaint does not meet this standard. She has established her indigency, and a §1983 claim, if plausible, would fall under this Court's jurisdiction. But the facts she asserts do not plausibly create a claim. It is not plausible that she was arrested and transported to a hospital because of an error in her fast food order. It is not plausible that the police are liable to her for what happened to her at the hospital, for the cost of towing her car because she required hospitalization.

Ordinarily, the Court would permit Renner to amend her complaint to attempt to assert a plausible claim. But there is no way to remedy the frivolous nature of this claim based on the mistaken McMuffin order. The Motion for Leave to Proceed in forma pauperis is DENIED. Her Request for the Appointment of Counsel is DENIED. Renner shall pay the filing fee within 21 days or this matter will be dismissed.

IT IS SO ORDERED.

Dated this 13th day of August, 2018.

Ronald B. Leighton
United States District Judge